

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE ROSALES, | § | |
| Movant, | § § § | |
| VS. | § § | NO. 4:20-CV-119-A (NO. 4:18-CR-055-A) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Joe Rosales, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the response of the government, the record, including the record in the underlying criminal case, styled "United States v. Rosales," Case No. 4:18-CR-055-A, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On March 21, 2018, movant was named in a one-count superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. § 846. CR Doc.[1] 26. On April 18, 2018, movant was named in a four-count second superseding indictment charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, in count two with possession with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in count three with possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and in count four with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). CR Doc. 47. On May 8, 2018, movant was named in a third superseding indictment charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, in count two with possession with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, in count three with possession with intent to distribute more than 50 grams of

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-055-A.

2

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, and in count four with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). CR Doc. 69.

On May 9, 2018, movant appeared before the court with the intent to enter a plea of guilty to the offense charged in count one of the third superseding indictment. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 73. They also signed a plea agreement, which also set out the maximum penalties movant faced. CR Doc. 74. Under oath, movant stated that, other than the plea agreement, no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the

3

meaning of everything in it and movant admitted that all of the stipulated facts were true. CR DOC. 93.

The probation officer prepared the PSR, which reflected that movant's base offense level was 34. CR Doc. 76 ¶ 43. He received a two-level increase for possession of a firearm, id. ¶ 44, a two-level increase for maintaining a drug premises, id. ¶ 45, and a four-level increase for being an organizer or leader. Id. ¶ 47. He received a two-level decrease for acceptance of responsibility. Id. ¶ 51. Based on a total offense level of 40 and a criminal history category of V, movant's guideline imprisonment range was 360 months to life. Id. ¶ 119.

On September 28, 2018, movant was sentenced to a term of imprisonment of 360 months. CR Doc. 87. He appealed, CR Doc. 90, and his sentence was affirmed. United States v. Rosales, 776 F. App'x 260 (5th Cir. 2019).

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion, worded as follows:

**Ineffective assistance of counsel** [supporting facts:] Counsel failed to either object or raise a reasonable defense in relation to subject matter jurisdiction based on the penalty statutory accusation pursuant to 21 USC § 841(b).

4

Doc.[2] 1 at PageID[3] 5.

> **Attorney error whereupon counsel failed to object to obvious miscalculation of the Criminal History Category** [supporting facts:] Appellate [sic] should have been listed as a Category III pursuant to USSG §§ 4A1.1(a), (c) and (d) and 4A1.2(a), (b) and (k)(1).

Id. at PageID 6.

> **Ineffective Assistance of counsel** [supporting facts:] Counsel failed to object to the District Court's erroneous determination of drug quality attributed to appellate [sic] individually, not the quality attributed to the entire conspiracy for appellate's [sic] criminal liability as the District Court sentenced him.

Id. at PageID 8.

> **IV Amendment Violation** [supporting facts:] Tainted search warrant where probable cause was lacking, resulting in violation of right to be free from unwarranted searches or arrest.

Id. at PageID 9.

### III.

### Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil case.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system since the typewritten page numbers do not always match the actual page numbers.

32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

7

IV.

Analysis

As worded, movant's first ground makes no sense. As best the court can tell from his supporting memorandum, Doc. 2, movant is arguing that he should not have been held responsible for 50 grams or more of methamphetamine and subjected to a sentence of 10 years to life. Rather, he says that he should only have been subject to a term of imprisonment of 5 to 40 years. This seems to be the same argument made in support of his third ground. Doc. 1 at PageID 8; Doc. 2 at 20-26. Movant fails to recognize that he pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, not simply a mixture and substance containing a detectable amount of methamphetamine.[4] CR Docs. 73 & 74. Movant admitted under oath that understood exactly what he was charged with and what the maximum penalty under count one was. CR Doc. 93. There was no violation of Alleyne v. United States, 570 U.S. 99 (2013).

In his second ground, movant argues that he received ineffective assistance of counsel because his criminal history category was incorrect and counsel failed to object. One of his

---

[4] Movant again admits this under oath in support of his motion. Doc. 1 at PageId 15.

arguments, regarding the enhancement for committing the offense of conviction while on probation, was raised and rejected on appeal. Rosales, 776 F. App'x at 260-61. The other arguments are addressed at length in the government's response and need not be repeated here. Doc. 10 at 11-14. Movant has not shown that he received ineffective assistance regarding his criminal history score.

Movant's third ground addresses drug quantity. As stated, movant pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, not simply a mixture and substance containing a detectable amount of methamphetamine. CR Docs. 73 & 74. He has not established ineffective assistance in this regard.

In his fourth ground, movant urges that his Fourth Amendment rights were violated by a tainted search warrant. Doc. 1 at PageID 9. The argument is devoted to a discussion of why a particular search warrant affidavit was deficient. Doc. 2 at 27-34. Movant alleges that neither the court nor his counsel "made a clear representation" to him that he would be waiving his right to contest the search and seizure. His plea agreement reflects otherwise. CR Doc. 74 at 3-4 (stating that counsel had thoroughly reviewed all legal and factual aspects of the case with movant and given movant satisfactory explanations of each

9

of his rights affected by the agreement). But, in any event, assuming he was entitled to some specific notice that was not given, he does not make any attempt to show prejudice as a result of such failure.

The court notes that there is no reason to believe any motion to suppress would have been successful. See CR Doc. 76 ¶¶ 19-24. There is no reason to believe that the officers were not acting in good faith or that the warrant was not properly issued. See United States v. Cherna, 184 F.3d 403, 407 (5th Cir. 1999); United States v. Shugart, 117 F.3d 838, 843-44 (5th Cir. 1997). Movant asserts nothing more than conclusory allegations in support of the contention that the search warrant affidavit was "factually deficient and false." Doc. 2 at 28. Miller 200 F.3d at 282 (conclusory allegations are insufficient to meet the Strickland test).

V.

Motion to Withdraw

On the day his reply to the government's response was due, movant filed a document titled "Request to Withdraw Habeas/2255 Petition." Doc. 12. Movant says that based on the government's response, he realizes that his initial motion was poorly written and lacks legal merit. He wants to withdraw it so that he can get better help in preparing "an entirely NEW and meritorious

10

petition." Id. at 2. The court finds that the motion should be denied. Although voluntary dismissal prior to the filing of the government's response would have been proper, movant cannot wait to see what the government says then decide he wants to start over. The next motion would be deemed a successive one in any event. See Mayfield v. United States, No. 4:14-CV-777-A, 2014 WL 5035286, *2-3 (N.D. Tex. Oct. 8, 2014).

V.

Order

The court ORDERS that movant's motion to withdraw his motion be, and is hereby, denied.

The court further ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 1, 2020.

_____
JOHN McBRYDE
United States District Judge

11